### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

#### CASE NO. 23-CR-20325-RUIZ(s)

**UNITED STATES OF AMERICA**

vs.

**WILLIAM MCCAUGHAN JR.,**
**a/k/a "WMCCAUGH,"**

Defendant.
_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and **WILLIAM MCCAUGHAN JR.** (the "defendant"), a United States citizen, enter into the following agreement:

1.     *Pleading Guilty to Count 4 of the Superseding Indictment.*  The defendant agrees to plead guilty to Count 4 of the Superseding Indictment.  Count 4 charges the defendant with production of visual depictions involving sexual exploitation of minors, in violation of 18 U.S.C. § 2251(a) and (e).

2.     *Dismissal of Remaining Counts.*  The United States agrees to recommend the dismissal of all remaining counts, after sentencing.

3.     *Sentencing Guidelines.*  The defendant is aware that the sentence will be imposed by the Court after consideration of the Federal Sentencing Guidelines and Policy Statements (hereinafter, the "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence

Page **1** of **12**

investigation by the United States Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw his plea solely as a result of the sentence imposed.

4. *Information Provided to USPO.* This Office reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. *Penalties.* The defendant understands and acknowledges that the following statutory penalties apply in this case:

a. *Imprisonment.* As to Count 4 of the Superseding Indictment, pursuant to Title 18, United States Code, Section 2251(a) and (e), the Court ***must*** impose a statutory minimum term of imprisonment of fifteen (15) years and may impose a statutory maximum term of imprisonment of thirty (30) years.

b.       *Supervised Release.*   Pursuant to Title 18, United States Code, Section 3583(k), the Court **must** impose at least five (5) years, and up to life, of supervised release, following any term of imprisonment imposed.

c.       *Fines.*   In addition, the Court may impose a fine of up to $250,000 on the Defendant.

d.       *Restitution.*   The Defendant further understands, acknowledges, and agrees that, pursuant to 18 U.S.C. § 2259, mandatory restitution may be ordered in this case. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the Defendant agrees to make full restitution to all victims of his offenses as to all counts charged in the Superseding Indictment, whether or not the Defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the Defendant agrees to pay restitution to any of his victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The Defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any victim of any violation of federal and/or state law committed by the Defendant, including any contact sexual offense.

Once the victim's losses are calculated, pursuant to 18 U.S.C. § 2259(b)(2)(B), the Court shall order restitution in an amount that reflects the Defendant's relative role in the causal process that underlies the victim's losses, but not less than $3,000 per victim. The Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the

restitution. Further, pursuant to 18 U.S.C. § 3664(d)(5), the Defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

      e.    *Special Assessments.*  In addition, the Defendant also understands and acknowledges that, pursuant to Title 18, United States Code, Section 3013, a special assessment of $100 will be imposed on the Defendant as to each count of conviction. Further, pursuant to Title 18, United States Code, Section 3014, the Defendant is required to pay an additional special assessment in the amount of $5,000. If the Defendant is indigent, or otherwise financially unable to pay this special assessment amount, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the Defendant's failure to pay.

      f.    *Assessment in Child Pornography Cases.*  Pursuant to 18 U.S.C. § 2259A(a)(3), an assessment fee of not more than $50,000 may be imposed on the Defendant. Pursuant to 18 U.S.C. § 2259A(c), in determining the amount of this assessment, the Court shall consider the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

      6.    *Early Acceptance of Responsibility.*  The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not make this

recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; and/or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of his bond, and/or making false statements or misrepresentations to any governmental entity or official.

7.      *Victim Impact Statement.* The defendant agrees that the victims in this case have the legal right to be reasonably heard at any public proceeding and agrees not to object to the victims' oral or written impact statements at these proceedings.

8.      *Sentence will be determined by the Court.* The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office, or the Court. The defendant further understands and acknowledges that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9.      *Departure or Variance from the Sentencing Guidelines.* The defendant is aware and understands that, under certain circumstances, the Court may depart from the advisory sentencing

guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may **_not_** withdraw the guilty plea solely as a result of the sentence imposed.

10.    *Forfeiture.* The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to: (1) any visual depiction of a minor engaged in sexually explicit conduct, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in the commission of the offenses, in violation of 18 U.S.C. §§ 2251 and 2252; (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (3) any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offenses of conviction, and any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(2) and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

11.    *General Waivers Regarding Forfeiture.* The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable

defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

12. *Assistance from the Defendant.* The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

13. *Satisfaction of a Forfeiture Money Judgment.* In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the defendant agrees to the following:

a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

      e.      notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

      The defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

      14.    *Registration as a Sex Offender*. The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties, including criminal prosecution under Title 18, United States Code, Section 2250, for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida following release from prison, the defendant will be subject to the registration requirements of Florida state laws

pertaining to sex offender registry. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

15.     As a condition of supervised release, defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

16.     *Appellate Waiver.* The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of his right to appeal his sentence.

17.     The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the defendant is pleading guilty is/are unconstitutional; and/or (2) the admitted conduct does not fall within the scope of the statute(s) of conviction.

18.     By signing this agreement, the defendant acknowledges that the defendant has discussed the appellate waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

19.     *Withdrawal from Plea Agreement or Failure to Comply.* In the event the defendant withdraws from this agreement prior to or after pleading guilty to the charge identified in paragraph one above, or should the Office, in its sole discretion, determine that the defendant has failed to fully comply with any of the terms of this plea agreement, the Office will be released from its obligations under this agreement, and the defendant agrees and understands that:

a.     the defendant thereby waives any protection afforded by any proffer letter agreement between the parties, Section 1b1.8 of the Sentencing Guidelines, Rule 11(f) of the Federal rules of Criminal Procedure, and Rule 410 of the Federal Rules of Evidence;

b.     that any statements made by the defendant as part of the plea discussions, any debriefings or interviews, or in this agreement, whether made prior to or after the execution of this agreement, will be admissible against him without any limitation in any civil or criminal proceeding brought by this Office;

c.     the defendant's waiver of any defense based on the statute of limitations and venue, including the waiver set forth in this agreement, or any defense based on the passage of time

Page **10** of **12**

in filing an Indictment or Superseding Indictment, referred to herein, shall remain in full force and effect;

        d.    the defendant stipulates to the admissibility and authenticity, in any case brought by the United States in any way related to the facts referred to in this agreement, of any documents provided by the defendant or the defendant's representatives to any state or federal agency and/or these Offices; and

        e.    the defendant has adopted the entire factual basis as the defendant's statements, and the defendant has stipulated to the admissibility of the Factual Proffer in any case brought by the United States.

        20.    *Scope of the Agreement*.  This agreement binds the defendant and the Southern District of Florida and is pertinent to this case only.  The defendant understands that this agreement does not prohibit prosecution for other crimes outside of this case or crimes in other jurisdictions outside of the Southern District of Florida.

(Intentionally left blank)

21.    *Entire Agreement.*  This is the entire agreement and understanding between this Office and the defendant.  There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 5|23|24          By: _____
ABBIE D. WAXMAN
ASSISTANT UNITED STATES ATTORNEY

Date: 5/23/24          By: _____
DAVID ROTHMAN
ATTORNEY FOR DEFENDANT

Date: 5/23/24          By: _____
JOSEPH ROSENBAUM
ATTORNEY FOR DEFENDANT

Date: 5/23/24          By: _____
WILLIAM MCCAUGHAN JR.
DEFENDANT